UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

|  |  |
|---|---|
| PIERCE BROTHERS GOURMET DISTRIBUTORS INC. d/b/a FOGBUSTER COFFEE WORKS<br><br>    Plaintiff<br><br>vs.<br><br>NAPA VALLEY COFFEE ROASTING COMPANY, INC.<br><br>    Defendant | C.A. No.: |

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Pierce Brothers Gourmet Distributors Inc. d/b/a Fogbuster Coffee Works ("Plaintiff"), for its complaint against Defendant Napa Valley Coffee Roasting Company, Inc. ("Defendant"), alleges as follows against the Defendant.

## PARTIES

1. Plaintiff is a duly organized Massachusetts corporation with a principal place of business at 47 Silvio O Conte Drive, Greenfield, Massachusetts 01301.

2. Upon information and belief, Defendant is a California corporation with a principal place of business located at 1400 Oak Avenue, Suite A, St. Helena, California 94574.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the action arises under the Lanham Act, 15 U.S.C. §§1051, *et seq.*, and pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs and

is between citizens of different states.

4. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) because Defendant resides in this district within the meaning of 28 U.S.C. §1391(c) insofar as it is subject to personal jurisdiction in this district. Alternatively, upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the actions and/or omissions giving rise to the claims in this action occurred in this district.

6. This court has personal jurisdiction over Defendant pursuant to Mass. Gen., c. 223A, §§3(a), (b), (c), and (d) because this action arises: (a) from Defendant's transaction of business in Massachusetts; (b) from Defendant's contracting to supply services or things in Massachusetts; (c) from Defendant's causing tortious injury by acts or omissions within Massachusetts; and/or (d) from Defendant's causing tortious injury by acts or omissions outside of Massachusetts while regularly doing business or soliciting business, or engaging in a persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered, in Massachusetts.

7. The particular conduct triggering such jurisdiction includes, among other things: (a) Defendant's operation of a highly interactive website through which it solicits and conducts business, including business in Massachusetts; (b) Defendant's contracting with entities which do business in Massachusetts; and/or (c) Defendant's intentional infringement of Plaintiff's trademark to cause harm to Plaintiff, a corporation which does business in Massachusetts and is located in Massachusetts.

8. Defendant posts on social media that it ships its coffee goods all over the world, an example

of which is shown below.[1]



9. The Defendant also displays on its Facebook page a map of the United States indicating where it has shipped its coffee goods, including Massachusetts, examples of which are set forth below.[2]



---

[1] Available at https://www.facebook.com/NapaValleyCoffeeRoasting/photos/a.390308634322355/3146107908742400/?type=3

[2] Available at https://www.facebook.com/NapaValleyCoffeeRoasting/photos/a.390308634322355/563144913705392/ and https://www.facebook.com/NapaValleyCoffeeRoasting/photos/a.390308634322355/1565431820143358/



10. In a video available on the Defendant's website, Doug Dunlap who represents himself as the general manager of the Defendant's Napa Valley store location, states people who are visiting Napa Valley bed & breakfasts can experience the Defendant's FOG BUSTER coffee blend at such locations. Then upon returning home to Connecticut, Cincinnati or Chicago, for example, can purchase the Defendant's FOG BUSTER coffee blend online.[3]

11. Through such conduct, the Defendant has purposefully availed itself of the privileges of conducting business in the Commonwealth of Massachusetts, and when engaging in such conduct, should have reasonably perceived that it would be subjected to this court's jurisdiction.

## PLAINTIFF'S TRADEMARK RIGHTS

12. Plaintiff is the registered owner of at least the following U.S. trademark registrations ("the

---

[3] Available at https://napavalleycoffee.com/blog/2017/11/14/fogbuster-blend-for-team-roco?fbclid=IwAR0-aEHRdIUMVSSfq0w435a0lxzGnpWZ7ip1o49JA5cr2uYzBd68W63Ue1U

4

Plaintiff's Registrations") for the mark FOGBUSTER ("Plaintiff's Mark")

| U.S. Registration No. | Registration Date | Mark |
|---|---|---|
| 3164376 | October 31, 2006 | FOGBUSTER |
| 7037817 | April 25, 2023 | FOGBUSTER |

13. Plaintiff's U.S. Registration No. 3164376 is incontestable within the United States.

14. A true and correct copy of the official Certificates of Registration for the Plaintiff's Registrations issued by the United States Patent and Trademark Office ("USPTO") are attached as **Exhibit A**.

15. As amended, U.S. Registration No. 3164376 is directed to ground and whole bean coffee; spices; coffee.

16. U.S. Registration No. 7037817 is directed to beer; malt beer; brewed malt-based beers.

17. The Plaintiff advertises, distributes and sells its products under the Plaintiff's Mark.

18. The Plaintiff's Registrations are duly and legally issued, valid and subsisting, and constitute prima facia evidence of Plaintiff's exclusive right to use the mark FOGBUSTER in the United States in connection with the goods specified in the Plaintiff's Registrations.

19. In addition to its registered trademark rights, and as a result of Plaintiff's substantially exclusive and continuous use and promotion of its goods under the Plaintiff's Mark, Plaintiff has acquired common law rights in and to the Plaintiff's Mark.

20. The purchasing public has come to associate the Plaintiff's Mark with a single source of its goods. The Plaintiff's Mark has accrued significant value and goodwill.

## FACTS

A. **Plaintiff and its Trademarks**

21. Upon its formation in 1994 by brothers Sean and Darren Pierce, Plaintiff began formulating its unique air roasting process to produce and sell premium, bold coffee. Its air roasting technology removes burnt by-products found in other coffees by separating the chaff from top-grade green beans as they tumble around on a fluid bed of hot air. This ensures an even roast that the Plaintiff fine-tuned to create its signature blend, FOGBUSTER® coffee. The Plaintiff uses USDA Organic and Fair Trade USA certified green beans from around the world, and is proud to be part of the one percent of roasters using air roasting technology. True to its roots, Fogbuster® Coffee Works continues to craft batches of the highest-quality coffee; sourced ethically to support communities and our planet.

22. The Plaintiff's coffee is roasted and packaged in Greenfield, Massachusetts, including its well-known FOGBUSTER coffee blend.

23. Over the years, the FOGBUSTER coffee blend became Plaintiff's best-selling blend.

24. Through such continuous and exclusive use, purchasers have come to associate the Plaintiff's Mark with a single source of quality coffee, and as a result the Plaintiff's Mark has accrued significant value and goodwill.

25. In 2022, in recognition of the importance of the FOGBUSTER coffee brand, the Plaintiff rebranded and now operates as d/b/a Fogbuster Coffee Works.

26. The rebranding effort was a substantial expense to the Plaintiff, including for example, the redesign and launch of a new website www.fogbustercoffee.com as well as redesign of its associated social media channels, product packaging, and sales and marketing materials.

27. Plaintiff sells its coffee products via several sales channels, including: (i) direct to institutions such as, supermarkets, inns, restaurants and schools, (ii) online to purchasers via its website

https://fogbustercoffee.com/, (iii) via the Amazon online marketplace including Amazon Prime and (iv) wholesale.

### B. Defendant's Infringement and Unlawful Acts

28. Plaintiff recently learned of Defendant's unauthorized use of the Plaintiff's Mark in connection with coffee.

29. As shown below for example, the Defendant is selling its FOG BUSTER blend of coffee on the Internet using the Plaintiff's Mark.[4]



---

[4] Available at https://napavalleycoffee.com/fresh-roasted-coffee/fogbuster-blend-net-wt-12oz-3401g

30. The Defendant is selling its roasted coffee in packaging bearing the mark FOG BUSTER.

31. The Defendant is selling its FOG BUSTER coffee blend wholesale to wineries, restaurants, offices, bed and breakfasts, and hotels throughout Napa Valley.

32. Upon information and belief, Defendant is also selling its FOG BUSTER coffee blend at its retail locations in Napa, California and St. Helena, California.

33. In a letter dated July 26, 2023, Plaintiff gave written notice to Defendant of the Plaintiff's trademark rights and that Defendant's unauthorized use of the Plaintiff's Mark is likely to cause confusion, mistake and deceive the public and violates the protected rights of Plaintiff.

34. Despite additional communication between counsel for the Plaintiff and the President/CEO of Defendant, the Defendant has not ceased its unlawful use of the Plaintiff's Mark.

35. Plaintiff and Defendant both offer their coffee goods for sale through the Internet; the Plaintiff via its website https://fogbustercoffee.com/ and the Defendant via its website https://napavalleycoffee.com/.

36. In a video available on the Defendant's website, Doug Dunlap who represents himself as the general manager of the Defendant's Napa Valley store location, states he created the FOG BUSTER blend for the Defendant, and he discusses a process the Defendant uses to select names for its coffee blends.[5]

## CAUSES OF ACTION

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

**(15 U.S.C. § 1114)**

---

[5] Available at https://napavalleycoffee.com/blog/2017/11/14/fogbuster-blend-for-team-roco?fbclid=IwAR0-aEHRdIUMVSSfq0w435a0lxzGnpWZ7ip1o49JA5cr2uYzBd68W63Ue1U

37. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-36 of its Complaint and incorporate them herein by reference.

38. Defendant's use of the FOG BUSTER mark in the United States is in connection with the same type of goods that Plaintiff offers under its Plaintiff's Mark.

39. Defendant's use of the FOG BUSTER mark is without the Plaintiff's consent.

40. Defendant's FOG BUSTER mark is confusingly similar to the Plaintiff's Mark.

41. Defendant's use of the FOG BUSTER mark is likely to cause confusion in the marketplace for coffee in the United States as to affiliation, connection or association of Defendant or its goods with Plaintiff or its goods, and/or to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

42. As a direct and proximate result of Defendant's action as set forth herein, Plaintiff has been, and will continue to be harmed.

43. Defendant's use of the FOG BUSTER mark in violation of Plaintiff's rights is intentional, willful and made in bad faith.  As a result, Plaintiff is entitled to enhanced and exemplary damages, including treble damages, an award of costs, and this being an exceptional case, reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a).

44. Defendant's infringement has caused and will continue to cause irreparable harm to the Plaintiff if the Defendant is not preliminarily and permanently enjoined.

### COUNT II – FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT
(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

45. Plaintiff repeats and realleges the allegations contained in paragraphs 1-44 of its Complaint and incorporate them herein by reference.

46. Defendant's actions are likely to cause confusion, mistake and deception as to the origin, sponsorship or approval of Defendant's goods, services of commercial activities, and thus constitute false designation of origin, passing off, and unfair competition with respect to the Plaintiff's Mark, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

47. As a direct and proximate result of Defendant's action as set forth herein, Plaintiff has been, and will continue to be harmed.

48. Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

49. Defendant's use of the FOG BUSTER mark in violation of Plaintiff's rights is intentional, willful and made in bad faith. As a result, Plaintiff is entitled to enhanced and exemplary damages, including treble damages, an award of costs, and this being an exceptional case, reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a).

50. Defendant's infringement has caused and will continue to cause irreparable harm to the Plaintiff if the Defendant is not preliminarily and permanently enjoined.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

51. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-50 of its Complaint and incorporate them herein by reference.

52. Plaintiff is the rightful owner of the mark FOGBUSTER in connection with coffee by virtue of its continuous use in commerce since at least as early as 1995.

53. Plaintiff's ownership and exclusive use of the mark FOGBUSTER predates the use of the mark FOG BUSTER by the Defendant.

54. Defendant's use of the FOG BUSTER mark is without the Plaintiff's consent.

55. Defendant's FOG BUSTER mark is confusingly similar to the Plaintiff's Mark.

56. Defendant's use of the FOG BUSTER mark is likely to cause confusion in the marketplace for coffee in the United States as to affiliation, connection or association of Defendant or its goods with Plaintiff or its goods, and/or to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

57. As a direct and proximate result of Defendant's action as set forth herein, Plaintiff has been, and will continue to be harmed.

58. Defendant's infringing action will continue unless enjoined by this Court.

## COUNT IV – STATE DILUTION

### (Mass. Gen. Laws. Ch. 110H)

59. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-59 of its Complaint and incorporate them herein by reference.

60. Plaintiff holds valid and enforceable common law rights in the FOGBUSTER mark, by virtue of its use of the mark since at least as early as 1995.

61. Defendant's use in commerce of the mark FOG BUSTER constitutes statutory dilution that is likely to cause, and has caused, injury to Plaintiff's business reputation and/or a likelihood of dilution of the distinctive quality of the Plaintiff's Mark in violation of Mass. Gen. Laws 111H, § 13.

62. As a direct and proximate result of Defendant's action as set forth herein, Plaintiff has been, and will continue to be harmed.

63. Defendant's infringing actions will continue unless enjoined by this Court.

64. Plaintiff has no adequate remedy at law and will suffer irreparable harm to its business, reputation and goodwill unless Defendant's unlawful conduct is enjoined by the Court.

## COUNT V — VIOLATION OF CHAPTER 93A

### (M.G.L. c. 93A. §§2, 11)

65. The Plaintiff repeats and realleges the allegations contained in paragraphs 1-64 of its Complaint and incorporate them herein by reference.

66. Defendant's conduct described above constitutes trademark infringement and dilution in knowing and willful violation of Massachusetts Business Practices Act, M.G.L. c. 93A. §§2, 11.

67. Defendant acted willfully and intentionally in selecting and selling its goods bearing the FOG BUSTER mark, with full knowledge of the Plaintiff's Mark, and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Defendant and Plaintiff or between Defendant's products and Plaintiff's products.

68. The unlawful and fraudulent business practices of Defendant described above present a continuing threat to, and is meant to deceive members of, the public in that Defendant continues to promote its products by wrongfully trading on the goodwill of Plaintiff.

69. Defendant, through its acts of trademark infringement and dilution, has caused irreparable injury to Plaintiff and unless or until it is restrained, it will cause further irreparable injury to Plaintiff.

70. No monetary remedy would be adequate to compensate Plaintiff for the injury that Defendant's wrongful acts have caused Plaintiff's reputation, goodwill and sales and for the injury that Plaintiff would suffer should those acts not immediately cease.

71. Unless Defendant is enjoined, Plaintiff will suffer monetary damages as a result of Defendant's wrongful acts in an amount dependent on how quickly Defendant's wrongful act are enjoined.

72. As a direct and proximate result of these acts, Defendant has received, and will continue to profit from, the strength of the Plaintiff's Mark.

73. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been injured in fact and has lost money and profits, and such harm will continue unless Defendant's acts are enjoined by the Court. Plaintiff has no adequate remedy at law for Defendant's continuing violation of Plaintiff's rights.

74. Defendant should be required to restore to Plaintiff any and all profits earned as a result of their unlawful and fraudulent actions, or provide Plaintiff with any other restitutionary relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following remedies and relief:

A. Enter judgment in favor of Plaintiff against Defendant on all counts;

B. Preliminarily and permanently enjoin Defendant and its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the mark FOGBUSTER, or any mark or name confusingly similar to FOGBUSTER, whether alone or in combination with other words or symbols, and from any further infringement, false designation of origin, unfair completion, and unfair trade practices with respect to Plaintiff pursuant to 15 U.S.C. § 1125 or otherwise;

C.  Enter judgment in the amount of Plaintiff's infringement damages, Defendant's profits, Plaintiff's reasonable attorney fees, and costs of suit;

D.  Enter judgment that Defendant's acts of infringement, false designation of origin, unfair competition and unfair trade practices have been knowing and willful;

E.  Award Plaintiff its attorney fees and costs in prosecuting this action, pursuant to 15 U.S.C. §1117, Mass. Gen. Laws Ch. 93A §11 or otherwise;

F.  Order the recall, impounding, and destruction of all goods, advertising or other items bearing infringing markings, pursuant to 15 U.S.C. §1118 or otherwise; and

G.  Award Plaintiff such further relief as this Court may deem just and necessary.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

THE PLAINTIFF,
PIERCE BROTHERS GOURMET
DISTRIBUTORS INC. d/b/a FOGBUSTER
COFFEE WORKS

Date: December 29, 2023

By: */s/ Patrick J. O'Shea*
Patrick J. O'Shea, Esq. (BBO #564832)
O'Shea P.C.
One Monarch Place, Suite 1460
Springfield, Massachusetts 01144
Phone (413) 731-3102
Fax (413) 731-3101
poshea@osheaus.com